UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C. A. NO. _____

05 11676 DPW

MARK PONTREMOLI and )
MONIQUE MY, )
    Plaintiffs )
)
VS. )
)
JULIE R. BALDINI and )
WILLIAM BALDINI, )
    Defendants )

MAGISTRATE JUDGE _____

RECEIPT #_____
AMOUNT $ 250.00
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _____
DATE 8-12-05

**COMPLAINT AND JURY CLAIM**

NOW come the plaintiffs, Mark Pontremoli and Monique My, in the above-captioned action and hereby state the following:

**JURISDICTION**

Jurisdiction for this action is founded upon 28 U.S.C. Section 1332. Diversity of citizenship exists between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. Section 1332. The plaintiffs have met the prerequisites for the bringing of this action before this Honorable Court, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332.

**PARTIES**

1.     The plaintiff, Monique My, is an individual residing at 505 Paradise Road, #110, Swampscott, Essex County, Massachusetts.

2.  The plaintiff, Mark Pontremoli, is an individual residing at 505 Paradise Road, #110, Swampscott, Essex County, Massachusetts.

3.  The defendant, Julie R. Baldini, is an individual residing at 9 Trolley Lane, Westerly, Rhode Island.

4.  The defendant, William Baldini, is an individual residing at 9 Trolley Lane, Westerly, Rhode Island.

### COUNT I:   Monique My v. Julie Baldini    (Negligence)

5.  The plaintiffs restate, re-allege and incorporate by reference paragraphs one through four as stated above.

6.  On or about December 11, 2004, the plaintiff, Monique My, was a passenger in a motor vehicle operated by Mark Pontremoli who was in the exercise of due care on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut.

7.  On or about December 11, 2004, the defendant, Julie Baldini, was the operator of a vehicle owned by defendant, William Baldini, and so carelessly and negligently operated said motor vehicle on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut, that by reason thereof, the defendants' vehicle struck the motor vehicle in which plaintiff, Monique My, was a passenger.

8.  The collision that occurred on or about December 11, 2004, wherein the motor vehicle operated by the defendant, Julie Baldini, collided with the motor vehicle in which the plaintiff, Monique My, was a passenger, was not caused by any actions of the plaintiff, but was caused by the negligent actions of the defendant, Julie Baldini.

9. As a result of the negligence on the part of the defendant, Julie Baldini, the plaintiff, Monique My, was caused to suffer great pain of body, was caused to suffer anguish of mind, was caused to incur medical expenses for medicines, medical attendance and treatment, was prevented from performing and enjoying her usual duties and activities, and was caused to suffer other injuries and damages that will be shown at the time of trial.

**WHEREFORE**, the plaintiff, Monique My, demands judgment against the defendant, Julie Baldini, for damages and such other relief as this Court deems just.

**PLAINTIFF** demands a trial by jury on all issues.

### COUNT II:    Monique My vs. William Baldini    (Negligence)

10. The plaintiffs restate, re-allege and incorporate by reference paragraphs one through nine as stated above.

11. On or about December 11, 2004, the plaintiff, Monique My, was a passenger in a motor vehicle operated by Mark Pontremoli who was in the exercise of due care on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut.

12. On or about December 11, 2004, a vehicle owned by defendant, William Baldini, and operated by the defendant, Julie Baldini, was operated so carelessly and negligently on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut, that by reason thereof, the defendants' vehicle struck the motor vehicle in which the plaintiff, Monique My, was a passenger.

13. The collision that occurred on or about December 11, 2004, wherein the motor vehicle owned by defendant, William Baldini, and operated by the defendant, Julie Baldini, collided with the motor vehicle in which the plaintiff, Monique My,

was a passenger, was not caused by any actions of the plaintiff, but was caused by the negligent actions of the defendants.

14. As a result of the negligence on the part of the defendants, the plaintiff, Monique My, was caused to suffer great pain of body, was caused to suffer anguish of mind, was caused to incur medical expenses for medicines, medical attendance and treatment, was prevented from performing and enjoying her usual duties and activities, and was caused to suffer other injuries and damages that will be shown at the time of trial.

**WHEREFORE**, the plaintiff, Monique My, demands judgment against the defendant, William Baldini, for damages and such other relief as this Court deems just.

**PLAINTIFF** demands a trial by jury on all issues.

### COUNT III:   Mark Pontremoli vs. Julie Baldini:   (Negligence)

15. The plaintiffs restate, re-allege and incorporate by reference paragraphs one through fourteen as stated above.

16. On or about December 11, 2004, the plaintiff, Mark Pontremoli, was the operator of a motor vehicle and was in the exercise of due care on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut.

17. On or about December 11, 2004, a vehicle owned by defendant, William Baldini, and operated by the defendant, Julie Baldini, was operated so carelessly and negligently on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut, that by reason thereof, the defendants' vehicle struck the motor vehicle that was operated by the plaintiff, Mark Pontremoli.

18. The collision that occurred on or about December 11, 2004, wherein the motor vehicle operated by the defendant, Julie Baldini, collided with the motor vehicle that was operated by the plaintiff, Mark Pontremoli, was not caused by any actions of the plaintiff, but was caused by the negligent actions of the defendant, Julie Baldini.

19. As a result of the negligence on the part of the defendant, Julie Baldini, the plaintiff, Mark Pontremoli, was caused to suffer great pain of body, was caused to suffer anguish of mind, was caused to incur medical expenses for medicines, medical attendance and treatment, was prevented from performing and enjoying his usual duties and activities, and was caused to suffer other injuries and damages that will be shown at the time of trial.

**WHEREFORE**, the plaintiff, Mark Pontremoli, demands judgment against the defendant, Julie Baldini, for damages and such other relief as this Court deems just.

**PLAINTIFF** demands a trial by jury on all issues.

**COUNT IV:   Mark Pontremoli vs. William Baldini   (Negligence)**

20. The plaintiffs restate, re-allege and incorporate by reference paragraphs one through nineteen as stated above.

21. On or about December 11, 2004, the plaintiff, Mark Pontremoli, was the operator of a motor vehicle and was in the exercise of due care on a public way, to wit: westbound on Route 2 in Ledyard, Connecticut.

22. On or about December 11, 2004, a vehicle owned by defendant, William Baldini, and operated by the defendant, Julie Baldini, was operated so carelessly and negligently on a public way, to wit: westbound on Route 2 in Ledyard,

Connecticut, that by reason thereof, the defendants' vehicle struck the motor vehicle that was operated by the plaintiff, Mark Pontremoli.

23. The collision that occurred on or about December 11, 2004, wherein the motor vehicle owned by defendant, William Baldini, and operated by the defendant, Julie Baldini, collided with the motor vehicle that was operated by the plaintiff, Mark Pontremoli, was not caused by any actions of the plaintiff, but was caused by the negligent actions of the defendants.

24. As a result of the negligence on the part of the defendants, the plaintiff, Mark Pontremoli, was caused to suffer great pain of body, was caused to suffer anguish of mind, was caused to incur medical expenses for medicines, medical attendance and treatment, was prevented from performing and enjoying his usual duties and activities, and was caused to suffer other injuries and damages that will be shown at the time of trial.

**WHEREFORE**, the plaintiff, Mark Pontremoli, demands judgment against the defendant, William Baldini, for damages and such other relief as this Court deems just.

**PLAINTIFF** demands a trial by jury on all issues.

Respectfully submitted,
By plaintiffs counsel,

Thomas F. Walsh, Esq.
BBO No. 558359
Yasi & Yasi, P.C.
Two Salem Green
Salem, MA 01970
(978) 741-0400

**05-11676DPW**

JS 44 (Rev. 3/99)   **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Mark Pontremoli and Monique My

### DEFENDANTS
Julie R. Baldini and William Baldini

(b) County of Residence of First Listed Plaintiff   **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Thomas F. Walsh. Esq.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Yasi & Yasi, P.C.
Two Salem Green
Salem, MA 01970 (978)741-0400

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- G 1 U.S. Government Plaintiff
- G 2 U.S. Government Defendant
- G 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | X 2 | Incorporated and Principal of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane / G 362 Personal Injury— | G 620 Other Food & Drug |  | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product    Med. Malpractice | G 625 Drug Related Seizure | G 423 Withdrawal | G 430 Banks and Banking |
| G 140 Negotiable Instrument |    Liability / G 365 Personal Injury—      of Property 21 USC 881 | 28 USC 157 | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment | G 320 Assault, Libel &    Product Liability | G 630 Liquor Laws |  | G 460 Deportation |
|    & Enforcement of    Slander / G 368 Asbestos Personal | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 470 Racketeer Influenced and |
|    Judgment |    Injury Product | G 650 Airline Regs. |  |    Corrupt Organizations |
| G 151 Medicare Act | G 330 Federal Employers'    Liability | G 660 Occupational | G 820 Copyrights | G 810 Selective Service |
| G 152 Recovery of Defaulted    Liability / **PERSONAL PROPERTY**    Safety/Health | G 830 Patent | G 850 Securities/Commodities/ |
|    Student Loans | G 340 Marine / G 370 Other Fraud | G 690 Other | G 840 Trademark |    Exchange |
|    (Excl. Veterans) | G 345 Marine Product / G 371 Truth in Lending |  |  | G 875 Customer Challenge |
| G 153 Recovery of Overpayment    Liability / **LABOR** | **SOCIAL SECURITY** |    12 USC 3410 |
|    of Veteran's Benefits | X 350 Motor Vehicle / G 380 Other Personal |  |  | G 891 Agricultural Acts |
| G 160 Stockholders' Suits | G 355 Motor Vehicle    Property Damage | G 710 Fair Labor Standards | G 861 HIA (1395ff) | G 892 Economic Stabilization Act |
| G 190 Other Contract    Product Liability / G 385 Property Damage    Act | G 862 Black Lung (923) | G 893 Environmental Matters |
| G 195 Contract Product Liability | G 360 Other Personal Injury    Product Liability | G 720 Labor/Mgmt. Relations | G 863 DIWC/DIWW (405(g)) | G 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 864 SSID Title XVI | G 895 Freedom of |
|  |  | G 730 Labor/Mgmt.Reporting | G 865 RSI (405(g)) |    Information Act |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate    & Disclosure Act |  | G 900 Appeal of Fee |
| G 220 Foreclosure | G 442 Employment    Sentence | G 740 Railway Labor Act | **FEDERAL TAX SUITS** |    Determination |
| G 230 Rent Lease & Ejectment | G 443 Housing/    Habeas Corpus: |  |  |    Under Equal Access to |
| G 240 Torts to Land |    Accommodations / G 530 General | G 790 Other Labor Litigation | G 870 Taxes (U.S. Plaintiff    Justice |
| G 245 Tort Product Liability | G 444 Welfare / G 535 Death Penalty |  |    or Defendant) | G 950 Constitutionality of |
| G 290 All Other Real Property | G 440 Other Civil Rights / G 540 Mandamus & Other | G 791 Empl. Ret. Inc. |    State Statutes |
|  |  / G 550 Civil Rights |    Security Act | G 871 IRS—Third Party | G 890 Other Statutory Actions |
|  |  / G 555 Prison Condition |  |    26 USC 7609 |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- G 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify)
- G 6 Multidistrict Litigation
- G 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Negligent operation of defendants' motor vehicle caused accident with Plaintiffs' motor vehicle. Jurisdiction pursuant to 28 U.S.C. sec. 1332.

### VII. REQUESTED IN COMPLAINT:
G CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes   G No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  8/5/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-11676 DPW

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Mark Pontremoli et al v. Julie Baldini et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ____ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   \* Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ____ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ____ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐         OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☒   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                 OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Thomas F. Walsh, Esq.
ADDRESS  Yasi & Yasi, P.C., Two Salem Green, Salem, MA 01970
TELEPHONE NO.  (978) 741-0400

(Category Form.wpd - 3/28/2000)