UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK PONTREMOLI and<br>MONIQUE MY,<br>    Plaintiffs<br><br>vs.<br><br>JULIE R. BALDINI, and<br>WILLIAM BALDINI,<br>    Defendants | )<br>)<br>)<br>)<br>)        C.A. NO. 05CV11676DPN<br>)<br>)<br>)<br>) |

## ANSWER AND JURY CLAIM

Now come the defendants, Julie R. Baldini and William Baldini, and answer the Complaint in the above-captioned action.

## JURISDICTION

The defendants deny that the amount in controversy exceeds the sum specified by 28 U.S.C. §1332.

## PARTIES

1.    The defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and call upon the plaintiff to prove the same.

2.    The defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and call upon the plaintiff to prove the same.

3.    The defendants admit the allegations contained in paragraph 3.

4.    The defendants admit the allegations contained in paragraph 4.

## COUNT I

5.    The defendants repeat, reallege and incorporate herein their answer as set forth in Paragraphs 1-4 of this Answer.

6.    The defendants deny the allegations contained in Count I, paragraph 6.

7.  The defendants deny the allegations contained in Count I, paragraph 7.

8.  The defendants deny the allegations contained in Count I, paragraph 8.

9.  The defendants deny the allegations contained in Count I, paragraph 9.

**WHEREFORE, the defendants, Julie R. Baldini and William Baldini, deny that the Plaintiffs, Mark Pontremoli and Monique My, are entitled to judgment against them.**

## COUNT II
### Monique My vs. William Baldini (Negligence)

10. The defendants repeat, reallege and incorporate herein their answer as set forth in Paragraphs 1-9 of this Answer.

11. The defendants deny the allegations contained in Count II paragraph 11.

12. The defendants deny the allegations contained in Count II paragraph 12.

13. The defendants deny the allegations contained in Count II paragraph 13.

14. The defendants deny the allegations contained in Count II paragraph 14.

**WHEREFORE, the defendants, Julie R. Baldini and William Baldini, deny that the Plaintiffs, Mark Pontremoli and Monique My, are entitled to judgment against them.**

## COUNT III
### Mark Pontremoli vs. Julie Baldini (Negligence)

15. The defendants repeat, reallege and incorporate herein their answer as set forth in Paragraphs 1-14 of this Answer.

16. The defendants deny the allegations contained in Count III, paragraph 16.

17. The defendants deny the allegations contained in Count III, paragraph 17.

18. The defendants deny the allegations contained in Count III, paragraph 18.

19. The defendants deny the allegations contained in Count III, paragraph 19.

**WHEREFORE, the defendants, Julie R. Baldini and William Baldini, deny that the Plaintiffs, Mark Pontremoli and Monique My, are entitled to judgment against them.**

## COUNT IV
## Mark Pontremoli vs. William Baldini (Negligence)

20.     The defendants repeat, reallege and incorporate herein their answer as set forth in Paragraphs 1-19 of this Answer.

21.     The defendants deny the allegations contained in Count IV, paragraph 21.

22.     The defendants deny the allegations contained in Count IV, paragraph 22.

23.     The defendants deny the allegations contained in Count IV, paragraph 23.

24.     The defendants deny the allegations contained in Count IV, paragraph 24.

**WHEREFORE, the defendants, Julie R. Baldini and William Baldini, deny that the Plaintiffs, Mark Pontremoli and Monique My, are entitled to judgment against them.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff is greater than the negligence of the defendants.

### SECOND DEFENSE
The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendants.

### THIRD DEFENSE
The defendants claim an exemption from tort to the extent that the plaintiff is entitled to recover under the provisions of a motor vehicle liability policy or bond that provides personal injury protection benefits.

### FOURTH DEFENSE
The plaintiff may not recover damages for pain and suffering including mental suffering associated with the alleged injuries since the plaintiff did not incur expenses for reasonable and necessary medical services, as defined in M.G.L. Ch. 231, §6D in excess of the monetary amount required and the injuries alleged are not within any of the exceptions contained in said statute.

### FIFTH DEFENSE
This action should be dismissed for insufficient service of process.

<u>SIXTH DEFENSE</u>
This action should be dismissed for insufficient process.

<u>SEVENTH DEFENSE</u>
The plaintiff's complaint fails to state a claim for which relief may be granted, and should be dismissed pursuant to F.R.C.P. 12(b)(6).

<u>EIGHTH DEFENSE</u>
The defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

**THE DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully submitted,
Defendants, by their Attorney,

'/s/ Gregory K. Lyon'
Gregory K. Lyon
BBO #632718
Law Office of Susan B. Hulme
160 Gould Street, Suite #110
Needham, MA  02494-2300
(781) 449-8702

_____
DATED